McKinney, J.,
delivered the opinion of the court.
We perceive no error in this record. 1. The law on the subject of Champerty, is admitted to have been correctly stated to the jury. The question of fact, whether, at the date of the conveyances from Cave Johnson to Jones, and from the latter to W. B. Johnson, the defendant below was in the actual adverse possession of any part of the premises conveyed and now in dispute in this action, was fairly submitted to the jury. There was evidence on both sides of this question; and the jury having decided in favor of the lessors of the plaintiffs, we cannot say that there is no evidence to support their verdict.
2. It appears that during the progress of the suit in the circuit court, the lessor of the plaintiff Jones was permitted to amend his declaration by adding a new count, on the demise *354 of W. B. Johnson. And at a term, subsequent to such amendment, the defendant moved the court to dismiss the suit. The ground of this motion as stated upon the record is — “for want of security by W. B. Johnson, in whose name the new demise was permitted to be laid at a former term.” The motion was overruled, it appearing to the court that the amendment was made with the assent and upon the personal application of said Johnson. The court did not err in overruling this motion. The act of 1825, ch. 29, sec. 2, was passed for the benefit of the person in whose name a new demise is laid or sought to be laid. By the introduction of his name as a joint lessor or co-plaintiff, though without his knowledge or consent, he was, previous to this statute, made liable for the costs of the suit. To indemnify him against such liability is the principal object of the act; and if the bond and security required by the act be not given, or if his name be used without his consent, he has the right to have the suit dismissed. But he may waive such right, and in case of waiver by him, the defendant cannot ask to have the suit dismissed. The person in whose name such new demise is laid, is not necessarily bound to give security for costs; whether a case might not be presented which would authorize the court to require him to give security for costs, need not now be determined. The presumption is, that the original lessor at the commencement of his suit gave sufficient security to the clerk, and if the fact be not so, the defendant, by the act of 1829, ch. 33, sec. 2, has an easy and ample remedy to compel other security to be given.
3. It is certainly true, that in ejectment, as in local actions generally, the venue must be proved. But it may be sufficiently proved in other modes than by the oral examination of witnesses or direct proof. If, as in the present case, the title papers recite that the land lies in a particular county ? and that the county in which the action is brought; and if, in *355 addition, the proof shows that such title papers cover the land in controversy in the action, what more satisfactory proof of venue could be adduced? Certainly none.
Judgment affirmed.